## RAND VS. THE BARGE.

BOAT AND VESSEL ACT — PRACTICE.—Whether a boat proceeded against and seized under ch. 116, R. S., is a boat within the meaning of that act is a question of fact to be determined from evidence upon issue joined, and cannot be determined on a mere motion.

(4 Chand., 68.)

ERROR to the County Court for *Winnebago* County.

*Hanson Rand* filed his verified complaint under sec. 4, ch. 116, R. S., against the boat called "*The Barge*" for $277.33, for work and labor done and materials furnished by him in the building and fitting it out and upon the account of the Peytona Steamboat Company: and pursuant to the statute a warrant was issued and the boat seized.  After the return of process a motion was made for the owners, to dismiss the cause

upon the ground that " *The Barge* " was not subject to and did not come within the provisions of the boat and vessel act, which motion was opposed, and the grounds upon which it was based were denied by the plaintiff's attorneys. No proofs by affidavit or otherwise were submitted. The court sustained the motion and dismissed the case, and the plaintiff sued out a writ of error.

*Collins, Smith & Kissam*, for plaintiffs in error.

*Buttrick & Bashford*, for defendant in error, contended that it must appear affirmatively on the face of the proceedings that " *The Barge* " was a boat within the meaning of ch. 116, R. S., and cited *Scow Boat v. Lynn*, 1 Pin., 239.

KNOWLTON, J. This was a proceeding under chapter 116, of the revised statutes, against the boat called " *The Barge.*" The amount claimed by the plaintiff was $277.33. It appears that the plaintiff filed his complaint, verified by affidavit, in conformity with section four of this chapter. A warrant was duly issued, and executed and returned by the sheriff, with his doings thereon indorsed. In the proceedings thus far, no irregularity appears.

At the July term, 1851, of the county court of Winnebago county, E. L. Buttrick, as attorney for the owners of " *The Barge*," filed a motion to dismiss the cause, for the reason and upon the assumed ground that " *The Barge* " was not subject to, and did not come within the provisions of the chapter above named. This motion was opposed by the plaintiff. No evidence was offered or used in support of the motion. This motion was sustained, and the cause dismissed by the court. To reverse this judgment, the plaintiff sued out of this court this writ of error.

The only question presented for the consideration of this court is, whether the county court erred in sustaining the motion and dismissing the case. That the court in this did err, there does not appear any room to doubt. The court assumed

as true a *fact*, without any evidence whatever, and directly contrary to the fact stated in the complaint, which, by the statute, stood as the declaration in the case ; which was, that the claim or demand was asserted against the boat called " *The Barge.*" This was the very term used in the statute. The language of section one is, " every boat," etc. ; yet the court assumed to know that the boat called " *The Barge* " was *not* a boat. A steamboat might as well have the distinctive name of " *The Barge*," as that of " Dr. Franklin," or any other name. Now will any one pretend, from the mere name, that a boat called " Doctor Franklin " was in point of fact not a boat used in " navigating the waters of this state." It is obvious that no one could assume this ground with any hope of maintaining it as a correct legal proposition. Whether the boat called " *The Barge* " was a boat " used in navigating the waters of this state," so as to be within the provisions of section one, before mentioned, was a question of fact, to be found from legitimate evidence upon issue joined. This might have been done by the owners of " *The Barge*," under section seven of the chapter under which the proceedings were commenced. But it is clear that this question could not be legally decided upon motion, without an extraordinary innovation upon well settled principles of law.

The result is, that the judgment of the county court must be reversed, and the cause remanded, to be further proceeded in as in law is proper.

Judgment reversed.